IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| ANDREW CHIEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:16cv1470(JCC/MSN) |
| ) | |
| WILLIAM K. GROGAN, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on United States Magistrate Judge Nachmanoff's Report and Recommendations [Dkt. 16], which recommends that the Court dismiss this case for improper service of process.  This matter is also before the Court on *pro se* Plaintiff Andrew Chien's Motion for Reconsideration of Dismissal and Permission to Enlarge Time [Dkt. 17], which this court liberally construes as an objection to Judge Nachmanoff's Report and Recommendations.  For the reasons that follow, the Court will deny Plaintiff's Motion to Reconsider, adopt Judge Nachmanoff's Report and Recommendations, and dismiss Plaintiff's Complaint without prejudice.

### **I. Background**

Plaintiff is "a self-employed financial consultant" who alleges that he was retaliated against after discovering

1

that a client of the Defendants "consistently engaged" in embezzlement.  Compl. [Dkt. 1] at 9, 14.  Plaintiff claims that Defendants William K. Grogan and William K. Grogan & Associates (hereinafter "Defendants") engaged in retaliation by participating in a conspiracy to damage his "personal property, business, and living by false arrest and false imprisonment of [Plaintiff] for 1146 days . . . under the excuse of VA debt collection."  *Id.* at 8.  Plaintiff's 123-page Complaint also accuses Defendants of committing multiple criminal offenses.  On November 28, 2016, Plaintiff filed suit against Defendants, alleging, *inter alia*, civil rights violations pursuant to 42 U.S.C. §§ 1981-1983 as well as violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968.

## II. Legal Standard

Pursuant to the Federal Rules, whenever a magistrate judge enters a recommendation on a dispositive matter, the district court must review it *de novo*.  Fed. R. Civ. P. 72(b)(3).  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

## III. Analysis

On March 3, 2017, Judge Nachmanoff issued his Report and Recommendations [Dkt. 16].  The report concludes that

2

Plaintiff's Complaint should be dismissed without prejudice for improper service of process. Because the merits of Judge Nachmanoff's recommendations, as well as Plaintiff's objection to those recommendations, turn on the procedural history of this case, the Court will now briefly explain that history.

On December 2, 2016, a summons was issued with respect to each Defendant. [Dkt. 4.] On December 8, 2016, Plaintiff attempted to serve Defendants via a private process server in Connecticut using priority mail and a tracking number. [Dkt. 6.] On January 9, 2017, Plaintiff filed his first Motion for Default Judgment [Dkt. 7], which was denied as premature by Judge Nachmanoff for improper service of process [Dkt. 9]. In his order, Judge Nachmanoff advised Plaintiff "to serve Defendants within ninety (90) days of the filing of the Complaint, in accordance with the rules, or face possible dismissal of the lawsuit." [*Id.*] Rather than make any effort to properly serve Defendants, Plaintiff chose instead to file a second Motion for Default Judgment on February 15, 2017, and ask for a hearing date of March 3, 2017. [Dkt. 10.] Plaintiff also filed a Memorandum in Support, which states that "both Defendants received the summons and complaint on December 12, 2016," and that the "scheduled hearing date of 3/3/17 was 95 days away from the day when the complaint was filed, which was in compliance with the advice of the Court." Mem. in Supp.

3

[Dkt. 11] ¶ 1. As this Memorandum demonstrates, Plaintiff failed to follow Judge Nachmanoff's Order [Dkt. 9], which advised Plaintiff to serve Defendants in accordance with the Rules. Now that Plaintiff has failed to properly serve Defendants, he objects to Judge Nachmanoff's recommendation that this Court dismiss his case. He also seeks an extension of approximately sixty (60) days to properly serve Defendants under the Rules.

Pursuant to Rule 12(b)(5), dismissal is appropriate whenever service of process is insufficient. Fed. R. Civ. P. 12(b)(5). Because Plaintiff is suing both an individual and a law firm, he must follow a different set of rules in order to serve each. Moreover, Plaintiff can choose to follow either the Federal Rules of Civil Procedure or applicable state law. *See* Fed. R. Civ. P. 4.

Under the Federal Rules, an individual may be served personally, at his or her dwelling or usual place of abode, or by delivery to an agent authorized or appointed to receive service of process. Fed. R. Civ. P. 4(e). Under Virginia law, service can also take place by serving an individual personally; by delivering a copy of the summons and complaint "and giving information of its purport" to a family member at the defendant's residence who is at least sixteen years old, where the individual is not found at his or her usual place of abode;

4

or by posting a copy of the summons and complaint at the front door of the person's abode. Va. Code § 8.01-296.

In contrast, to serve a corporation, partnership, or association pursuant to the Federal Rules, the plaintiff must deliver a copy of the summons and complaint to an agent authorized or appointed to receive service of process and, if the agent is authorized by statute and the statute so requires, by also mailing a copy of each to the defendant. Fed. R. Civ. P. 4(h). Under Virginia law, a corporation may also be served by personal service on any officer, director, or registered agent. Va. Code § 8.01-299. Similarly, an unincorporated association may be served under Virginia law by personal service on any officer, trustee, director, staff member, or other agent. Va. Code § 8.01-305.

In evaluating Plaintiff's objections today, the Court is mindful that Plaintiff is proceeding in this matter *pro se*. Although Plaintiff's *pro se* status might entitle him to "liberal treatment by courts," the Court is also cognizant of the fact that "even *pro se* litigants are [still] expected to comply with time requirements and other procedural rules[,] 'without which effective judicial administration would be impossible.'" *Dancy v. Univ. of N. Carolina at Charlotte*, No. 3:08-CV-166-RJC-DCK, 2009 WL 2424039, at *2 (W.D.N.C. Aug. 3, 2009) (quoting *Ballard v. Carlson*, 882 F .2d 93, 96 (4th Cir. 1989)).

Here, Plaintiff served both Defendants via priority mail and a tracking number.  This is not an accepted method for service under Rule 4 or Virginia law.  Judge Nachmanoff cautioned Plaintiff prior to the 90-day deadline that this method of service did not comply with the Rules, yet Plaintiff made no additional effort to serve Defendants properly.  Moreover, Plaintiff's Motion for Reconsideration does not include any information that would allow the Court to conclude that good cause exists for the failure to execute proper service of process prior to the deadline.  *See* Fed. R. Civ. P. 4(m).  Accordingly, the Court agrees with Judge Nachmanoff's recommendations.  Federal Rule of Civil Procedure 12(b)(5) makes clear that dismissal of a case is proper when service of process is insufficient.  Fed. R. Civ. P. 12(b)(5).

## IV. Conclusion

For the above reasons, the Court will deny Plaintiff's Motion to Reconsider and for an Extension of Time [Dkt. 17], adopt Judge Nachmanoff's Report and Recommendations [Dkt. 16], and dismiss Plaintiff's Complaint without prejudice.

An appropriate order will issue.

|  |  |
|---|---|
| March 23, 2017<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |